[ECF No. 14]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**JOHN DOE SUBSCRIBER ASSIGNED**<br>**IP ADDRESS 98.110.80.155,**<br><br>　　　　**Defendant.** | Civil No. 22-1919 (KMW/SAK) |

## OPINION AND ORDER

This matter is before the Court on the unopposed Motion to Maintain Pseudonym Identifier in Case Caption and Seal Certain Materials [ECF No. 14] filed by Plaintiff Strike 3 Holdings, LLC. Plaintiff seeks an Order allowing the John Doe defendant to maintain a pseudonym identifier and for certain portions of the record that personally identify him to be redacted and placed under seal. Plaintiff's motion is supported by the Certification of Jessica Fernandez, Esquire [ECF No. 14-2] and an Index. The Court received Plaintiff's subsequent submissions [ECF Nos. 15, 16] advising of supplemental authorities. The Court exercises its discretion to decide Plaintiff's motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **DENIED**.

I.   **BACKGROUND**

Plaintiff filed the instant action on April 4, 2022 asserting a single count of direct copyright infringement against the John Doe defendant-subscriber in connection with twenty-four acts of alleged infringement. *See generally* Compl. [ECF No. 1]. Plaintiff holds copyrights to a multitude

of "award-winning, critically acclaimed adult motion pictures." *Id.* ¶ 2; *see id.* ¶ 42 (citing Ex. A). Because its works "are among the most pirated content in the world," Plaintiff developed its own "infringement detection system." *Id.* ¶¶ 16, 27.  Using this system, Plaintiff alleges it discovered the defendant "us[ing] the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures." *Id.* ¶ 28.  At the time of filing, Plaintiff was only able to identify the defendant by his or her Internet Protocol ("IP") address. *See id.* ¶¶ 1, 5.

Plaintiff was subsequently granted leave to serve a third-party subpoena on the defendant's internet service provider ("ISP") to obtain the name and address associated with the IP address, subject to a protective order. *See* Op. & Order, May 3, 2022 [ECF No. 5].[1]  Plaintiff was later granted an extension of time to effect service to allow it to receive the ISP's response, conduct an investigation into the identity of the alleged infringer, and amend its complaint. *See* Order, July 8, 2022 [ECF No. 7]; *see also* Atkin Cert. ¶ 8 [ECF No. 6-1].  On September 20, 2022, Plaintiff filed its First Amended Complaint ("FAC") identifying the defendant by name and address.  Consistent with the protective order, Plaintiff filed two copies—an unredacted version under temporary seal [ECF No. 8] and a redacted version on the public docket [ECF No. 9].  On September 21, 2022, the defendant was served with process, which included copies of the summons and Plaintiff's FAC, both in redacted and unredacted forms, and a copy of the Court's May 3, 2022 Opinion and Order.[2]

---

[1] Plaintiff sought the protective order in its motion for the subpoena. *See* Pl.'s Mot. for Discovery [ECF No. 4].  Finding good cause existed, the Court granted the request and issued such an order. *See* Op. & Order, May 3, 2022; *see also* FED. R. CIV. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").  Among other things, the protective order provides a means for allowing the defendant to proceed anonymously from the outset and a method for applying to permanently seal his or her identity from the record—to the extent that such relief is permissible by applicable law.
[2] Pursuant to the protective order, attached to the Court's May 3, 2022 Opinion and Order was a "Notice to Defendant," providing details of the instant action and its procedural posture, and an "Anonymous *Pro Se* Defendant Information" form, which could be submitted in the event that the defendant chose to proceed without an attorney.

2

*See* Pl.'s Mot. Br. at 3 [ECF No. 14-1].  Plaintiff's proof of service was filed in a similar fashion.  *See, e.g.*, ECF No. 12 (unredacted copy under temporary seal); ECF No. 13 (redacted copy on the public docket).  To date, Defendant has not answered or otherwise responded to the FAC.[3]

Plaintiff now moves for an Order to maintain the John Doe identifier in the case caption and to permanently seal portions of the record.  Specifically, Plaintiff seeks to seal portions of the following documents that identify Defendant: the FAC [ECF No. 8]; Amended Civil Cover Sheet [ECF No. 8-2]; and Summons Returned Executed [ECF No. 12].  Plaintiff argues that applicable Third Circuit precedent support allowing Defendant to proceed anonymously in this matter.  *See* Pl.'s Mot. Br. at 3–7.  However, Plaintiff concurrently concedes that this argument is hampered by Defendant's absence. *See id.* at 7 (noting "that courts within this District have reached opposite conclusions as to whether Plaintiff's interest—without Defendant's participation—is adequate to warrant this relief").  In the same vein, Plaintiff acknowledges that it is incapable of satisfying a fundamental requirement in support of its request to seal—attesting to the basis for sealing the subject materials with "personal knowledge." *See* Fernandez Cert. ¶ 17 (emphasis in original) (conceding that "Plaintiff cannot declare, based on personal knowledge, that a clearly defined and serious injury will result *to Defendant* if this Motion is not granted").  Instead, Plaintiff submits that the basis for sealing "here is that Plaintiff is routinely—and falsely—accused by defendants of attempting to coerce settlements" in similar litigation "by threatening to publicly reveal the defendant's identity in connection with the allegations of infringement of adult works." *Id.*  Thus, Plaintiff maintains that it will be harmed if the subject materials are not sealed by suffering stigma associated with Plaintiff and its litigation practices. *See id.* ¶¶ 18–22.

---

[3] Despite this shortcoming, Plaintiff asserts "that it is delaying initiating the process for obtaining default judgment until" the instant motion is decided. Pl.'s Mot. Br. at 3 n.1.

II.    **DISCUSSION**

    **A. Motion to Maintain Pseudonym**

In order to preserve the presumptively public nature of judicial proceedings, Federal Rule of Civil Procedure 10(a) "requires parties to a lawsuit to identify themselves in their respective pleadings." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011), *cert. denied*, 565 U.S. 1197 (2012). Identifying parties to a proceeding is an important dimension of publicness, as the people have a right to know who is using their courts. *See id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Notwithstanding this requirement, courts have recognized that a party may proceed by way of pseudonym under limited circumstances. *See, e.g.*, *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008); *see also Doe v. Oshrin*, 299 F.R.D. 100 (D.N.J. 2014) (allowing an alleged victim of child pornography to proceed anonymously).

Because a litigant's "use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings,'" the mere allegation that a litigant may suffer embarrassment or economic harm will not suffice. *Megless*, 654 F.3d at 408 (citation omitted). "Instead, a [litigant] must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (citation omitted). Upon such a showing, "district courts should balance [the litigant's] interest and fear against the public's strong interest in an open litigation process." *Id.* (citations omitted). In *Megless*, the Third Circuit endorsed a non-exhaustive, multi-factor balancing test which weighs competing interests in favor of anonymity against those favoring the traditional rule of openness. *Id.* at 409–10 (citing *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)). The factors that generally weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal

4

>  nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (quoting *Provident Life*, 176 F.R.D. at 467–68). On the other hand, the following factors generally disfavor anonymity:

>  (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* The Third Circuit clarified that the foregoing list of factors "is not comprehensive," as the facts of a particular case may implicate other considerations. *Id.* at 409–10. The decision of whether to allow a litigant to proceed anonymously rests within the sound discretion of the court. *See Oshrin*, 299 F.R.D. at 103 (citation omitted).

Here, the Court finds that Plaintiff's motion to maintain Defendant's pseudonym identifier must be denied because it fails to satisfy the threshold showing of a reasonable fear of severe harm. The Court notes that Plaintiff completely sidesteps this requisite showing in its brief, and instead, focuses solely on the multi-factor balancing test that would ordinarily follow it. *See* Pl.'s Mot. Br. at 4–8. This critical omission is presumably caused by Defendant's lack of participation, without which Plaintiff is merely left to speculate as to what fear he or she embodies, if any, and whether such fear is reasonable. Nevertheless, without this requisite showing, the Court's inquiry simply cannot proceed. *See Doe v. Oeser*, No. 22-4919, 2023 WL 1954695, at *1 (E.D. Pa. Jan. 11, 2023) ("The Court need not consider those factors at this time . . . because Ms. Doe has not made the requisite showing of a reasonable fear of severe harm."); *see also Strike 3 Holdings, LLC v. Doe*, No. 20-14321, 2021 WL 7286225, at *4 (D.N.J. Dec. 22, 2021) (citation omitted) (finding that, in

5

the absence of the defendant's assertion of "any interest in remaining anonymous," the court had "no basis to conclude" the case presented "exceptional circumstances that warrant [the defendant] proceeding anonymously"). For this reason, the Court will deny Plaintiff's motion to maintain Defendant's pseudonym.

### B. Motion to Seal

It is well settled there exists "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988)). This right is not absolute, however, and must be balanced against compelling countervailing interests. *See id.* at 194 (citation omitted) (noting that "[t]he presumption of public access may be rebutted"). To overcome the presumption, a party must demonstrate "good cause" exists for protection of the material at issue. *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). "Good cause exists when a party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (citation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," will not suffice. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation omitted).

In this District, motions to seal are governed by Local Civil Rule 5.3, which requires the moving party to describe with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. *See* L. CIV. R. 5.3(c)(3). In particular, such a motion must also include a certification or similar document that attests to the foregoing factors based on personal knowledge. *See id.* (citing L. CIV. R. 7.2(a)).

Here, Plaintiff's motion to seal must be denied. Plaintiff concedes that it is unable to attest, based on personal knowledge, that Defendant will suffer a clearly defined and serious injury if the motion is not granted. *See* Fernandez Cert. ¶ 17. Thus, Plaintiff again fails to satisfy a requisite element because of Defendant's lack of participation—this time, in support of its motion to seal. Therefore, to the extent that Plaintiff moves to seal the subject materials on behalf of Defendant, the motion must be denied for this reason alone. Insofar as Plaintiff simultaneously moves to seal the subject materials based on its own interests and personal knowledge, the motion still fails. Plaintiff alleges that it will suffer injury if Defendant's information is disclosed because "future parties and courts may utilize the instant matter identifying Defendant as a basis to accuse Plaintiff of attempting to coerce settlements . . . by threatening to publicly reveal a defendant's identity in connection with the allegations of infringement of adult works." *Id.* ¶ 22. The Court rejects Plaintiff's assertion of purported harm as a basis for sealing Defendant's identifying information. The Court notes that it is not alone in reaching this conclusion. *See Strike 3 Holdings, LLC v. Doe*, No. 20-14321, 2021 WL 7286225, at *5 (D.N.J. Dec. 22, 2021). Beyond being overly broad and purely speculative, Plaintiff's assertion is also largely unsubstantiated.[4] The Court, therefore, finds Plaintiff fails to articulate a clearly defined and serious injury that will result if the subject materials are not sealed. Accordingly, the Court will deny Plaintiff's motion to seal in its entirety.[5]

---

[4] *See, e.g.*, Fernandez Cert. ¶ 22 n.6 (citations omitted) (referencing a dozen cases where courts have "correctly" concluded "that Plaintiff has not and does not engage in such bad faith conduct"); *but see id.* ¶ 22 n.7 (citations omitted) (referencing three cases where courts have either directly or indirectly questioned Plaintiff's litigation tactics and motivation).

[5] The Court notes that Defendant was served with copies of Plaintiff's motion papers by first class and certified mail, in addition to countless other forms of notice and service upon Defendant since the issuance of the subpoena upon Defendant's ISP. Despite having ample opportunity to do so, Defendant has failed to come forward to make a showing as to his or her need for privacy. Under these circumstances, the Court finds it fruitless to allow Defendant another opportunity to do so.

### III.  CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **1st** day of **June**, **2023**, that Plaintiff's Motion to Maintain Pseudonym and Seal Materials [ECF No. 14] is **DENIED**; and it is further

**ORDERED** that the Clerk shall unseal ECF Nos. 8 and 12 in their entirety; and it is further

**ORDERED** that the Clerk shall amend the docket and case caption to reflect the individual identified in Plaintiff's unredacted Amended Complaint [ECF No. 8] as Defendant in this matter; and it is further

**ORDERED** that Plaintiff shall promptly serve a copy of this Opinion and Order upon Defendant by regular and certified mail.

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.